IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WALLACE R. MCCULLOUGH,<br><br>Plaintiff,<br><br>vs.<br><br>SARPY COUNTY, RACHEL SPURGEON, #865 - Sarpy County Deputy Inv; and DARIN MORRISSEY, #866 - Sarpy County Sheriff;<br><br>Defendants. | 8:18CV194<br><br>**MEMORANDUM AND ORDER** |

Plaintiff filed his Complaint on May 1, 2018. (Filing No. 1.) Plaintiff was given leave to proceed in forma pauperis. (Filing No. 6.) After initial review, the court dismissed certain claims and Defendants and permitted plaintiff to file an amended complaint. (Filing No. 25.) The court advised Plaintiff that his amended pleading will supersede, rather than supplement, his Complaint. (*Id.*) On December 22, 2018, Plaintiff filed an Amended Complaint.[1] (Filing No. 38.) Now, the court conducts review of Plaintiff's Amended Complaint.

## I. BACKGROUND AND SUMMARY OF AMENDED COMPLAINT

In the initial review order, the court dismissed Plaintiff's claims for relief related to his divorce case; dismissed Plaintiff's claims for declaratory and injunctive relief; dismissed Defendants Perlman, Hutter, and Polikov from the case; and dismissed Plaintiff's claims against Deputy Spurgeon and Deputy Morrissey in their official capacities. The court determined that Plaintiff stated viable Fourth

---

[1] Plaintiff has also filed various state court records and documents related to his divorce proceedings and criminal case. (Filing Nos. 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36 & 37.)

Amendment claims against Deputy Spurgeon and Deputy Morrissey in their individual capacities and granted Plaintiff leave to file an amended complaint to designate that they are being sued in their individual capacities. The court also granted Plaintiff leave to file an amended complaint to state a cognizable claim against Sarpy County and a cognizable 42 U.S.C. § 1983 conspiracy claim against the proper Defendants. (Filing No. 25 at CM/ECF pp. 19-20.)

The Amended Complaint is strikingly similar to the original Complaint, naming the same defendants and asserting the same claims, including those defendants and claims the court has already dismissed. There are a few differences between the two documents. The Amended Complaint designates whether Defendants are sued in their official and/or individual capacities and adds a litany of conspiracy allegations against several new defendants: Michelle Ann McCullough Tagel (Plaintiff's ex-wife), Edith Peebles (Michelle McCullough's divorce attorney), Ann Ebsen (guardian ad litem appointed in the divorce case), Dr. Dwayne Peetz II (Michelle McCullough's relative), Judge William B. Zastera, and Judge Daniel Bryan.

Summarized and condensed, the allegations of the Amended Complaint, like that of the original Complaint, relate to (1) Plaintiff's arrest and prosecution for violating a state court child custody order and for contributing to the delinquency of a minor and (2) various orders entered in his state court divorce case and the actions of those Defendants involved in the divorce case. Woven throughout the Amended Complaint are allegations of collusion and a pervasive conspiracy among Defendants—namely, that law enforcement, prosecutors, and judges conspired with Plaintiff's ex-wife, her family, and her attorney. (Filing No. 38.)

As relief, Plaintiff seeks largely the same remedies he sought in the original Complaint, even though the court has already determined that certain remedies are unavailable. Specifically, he requests the following monetary relief: "$5,000,000.00 for pain and suffering or whatever the court deems fair and just in this matter" from Sarpy County Sheriff's Department and Sarpy County Prosecutor's Office;

"$3,000,000.00 each" from Deputy Spurgeon, Michelle McCullough, Judge Zastera, and Ben Perlman; and "$1,000,000.00 each" from "[a]ll other defendants named in this complaint."[2] Plaintiff also requests the following equitable and declaratory relief: "habeas corpus from the malicious prosecution on the contempt warrants from the state of Nebraska . . . issued by the biased judge in the divorce court of Nebraska"; "temporarily set aside the State's enforcement of biased orders against Plaintiff"; "a stay of enforcement on all actions by the State Nebraska against Plaintiff to include releasing the hold on Plaintiff's driver's license privileges, not cancelling passport, not filing for any further warrants for Plaintiff's arrest, recalling current warrants and not pursuing any tax enforcement or any other forms of enforcement construed to further add more adverse inference to Plaintiff"; "declare all of Judge Zastera's orders and the entire divorce decree void"; "force the state of Nebraska to grant Plaintiff a default judgement against Michelle [McCullough]"; and "view this complaint as an extraordinary circumstance due to the fact that Plaintiff is the only person in the entire United States of America that this set of circumstances has ever happened to." ([Filing No. 38 at CM/ECF p. 25](#).)

## II. DISCUSSION

As set forth in the court's December 3, 2018, Memorandum and Order, certain claims and certain Defendants have been dismissed from this case. ([Filing No. 25 at CM/ECF pp. 19-20](#).) The court declines to revisit these determinations made on initial review. The court now reviews the Amended Complaint to determine whether Plaintiff has complied with the court's December 3, 2018 Memorandum and Order and cured the deficiencies in the original Complaint.

With respect to the Fourth Amendment claims against Deputy Spurgeon and Deputy Morrissey, the court granted Plaintiff leave to file an amended complaint to designate that Deputy Spurgeon and Deputy Morrissey are being sued in their

---

[2] Spelling, capitalization, and punctuation corrected throughout the Memorandum and Order.

3

individual capacities. In the Amended Complaint, however, Plaintiff indicates he is suing Deputy Spurgeon and Deputy Morrissey in both their individual *and official* capacities. As stated above, the court has already dismissed the claims against Deputy Spurgeon and Deputy Morrissey in their official capacities. Therefore, Plaintiff failed to comply with the court's December 3, 2018 Memorandum and Order. Furthermore, although the court initially determined that Plaintiff stated viable Fourth Amendment claims against Deputy Spurgeon and Deputy Morrissey in their individual capacities, the court revisits this claim in light of the Amended Complaint and accompanying documents. Plaintiff has submitted the text messages he claims were exculpatory and should have been included in the arrest warrant affidavit. (Filing No. 28.) These text messages, however, do not negate the existence of probable cause. *Cf. United States v. Finley*, 612 F.3d 998, 1003 n.8 (8th Cir. 2010) (omission of material information from an affidavit can form the basis of a constitutional violation "if the additional information would have negated probable cause" (emphasis omitted)). Rather, the text messages show that, on March 6, 2016, Plaintiff's daughter texted her cousin and told him she was planning to visit Plaintiff and his family in Mississippi and asked how she could get ahold of Plaintiff and if he was "around." (Filing No. 28.) Stated differently, the warrant affidavit demonstrated probable cause to arrest Plaintiff for violation of the child custody order and for contributing to the delinquency of a minor, and the omitted text messages would not have changed the probable cause determination. (Filing No. 22 at CM/ECF pp. 28-30.) Therefore, the warrant affidavit did not need to include this "exculpatory" information, and the failure to include this information does not establish a Fourth Amendment violation. Accordingly, upon review of the Amended Complaint and accompanying documents, the court finds that Plaintiff fails to state cognizable Fourth Amendment claims against Deputy Spurgeon and Deputy Morrissey in their individual capacities.

With respect to claims against Sarpy County, the Amended Complaint fails to correct the deficiencies in the original Complaint. The Amended Complaint states:

> Plaintiff is suing Sarpy County for allowing all eleven other defendants in this Section 1983 conspiracy, malicious prosecution, and abuse of process lawsuit to do all the wrongful and unlawful acts that Plaintiff has described and proven to have happened that have resulted in Plaintiff's constitutionally protected civil rights and unalienable rights being violated to the point of Plaintiff suffering emotional injuries, physical injuries, financial ruin, and social loss. Plaintiff requests this court to allow this lawsuit to proceed based on the plausibility of Plaintiff's complaint and any other plausible wrongful acts found by this court that Plaintiff may have overlooked. Sarpy County employees (Defendants 1,2,3,4,9,11 &12 in their official capacities did violate and acted against policies and customs) based on Plaintiff's claims and evidence. Sarpy County is liable because of lack of training and lack of control of its employees that lead to Plaintiff's injuries.

([Filing No. 38 at CM/ECF p. 18](#), ¶ 10.)

Just as Plaintiff's original Complaint failed to mention any such custom, practice, or official policy that could form the basis of municipal liability on the part of Sarpy County, his Amended Complaint fails to do so as well. Likewise, Plaintiff's Amended Complaint does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by Sarpy County attorneys or the Sarpy County Sheriff's Office, or that Sarpy County's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct. *See [Snider v. City of Cape Girardeau](#)*, 752 F.3d 1149, 1160 (8th Cir. 2014) (citing *[City of Canton v. Harris](#)*, 489 U.S. 378, 385 (1989); *[Monell](#),* 436 U.S. at 694). Although the Amended Complaint alleges that Sarpy County's "lack of training and lack of control of its employees" caused Plaintiff's injuries ([Filing No. 38 at CM/ECF p. 18](#), ¶ 10), these allegations are conclusory. Plaintiff does not cite with any specificity instances of how Sarpy County failed to train its employees. While the court recognizes that the that the complaint of a pro se litigant must be given a liberal construction, *[Estelle v. Gamble](#)*, 429 U.S. 97, 106 (1976), this does not relieve Plaintiff of the requirement to "allege sufficient facts to support the claims advanced." *[Stone v. Harry](#)*, 364 F.3d 912, 914 (8th Cir. 2004). Because Plaintiff has

provided no more than unadorned accusations, "supported by mere conclusory statements," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the court finds that he has not pleaded sufficient facts to state a claim against Sarpy County. In other words, Plaintiff's Amended Complaint did not fix the problem that this court identified in its December 3, 2018 Memorandum and Order, and his amended pleading still fails to state a claim against Sarpy County.

Finally, the allegations in the Amended Complaint fail to state a cognizable 42 U.S.C. § 1983 conspiracy claim against any of the Defendants. Plaintiff alleges that "[t]his lawsuit includes claims against defendants in the civil case and criminal case due to the fact that the conspiracy in civil court ultimately led to a conspiracy in the criminal court." (Filing No. 38 at CM/ECF p. 23.) The Amended Complaint contains a plethora of personal attacks on the Defendants and broad, conclusory allegations of a conspiracy between them—namely, Plaintiff's ex-wife, members of her family, her divorce attorney, the guardian ad litem appointed in the divorce case, law enforcement officers, county prosecutors, and judges involved in his divorce case. None of Plaintiff's specific factual allegations point to or suggest a "meeting of the minds" amongst Defendants and/or other parties, as opposed to discrete, individual alleged acts by them not done in concert. Furthermore, general and conclusory allegations of conspiracy among Plaintiff's ex-wife, her family members, and her attorney and law enforcement, prosecutors, and/or judicial officers, are not sufficient allegations of action under color of state law for Plaintiff to proceed under § 1983. Therefore, even if Plaintiff successfully alleges a constitutional violation, Plaintiff's Amended Complaint fails to state any § 1983 conspiracy claim against any of the Defendants. In addition, because Plaintiff's conspiracy allegations against Judge Zastera and Judge Bryan concern actions taken in their judicial capacities, Plaintiff's individual-capacity claims against them for money damages are barred on the basis of judicial immunity. *See Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012).

In sum, the Amended Complaint fails to cure the deficiencies in the original Complaint and fails to state a cognizable claim for relief. Thus, the court will dismiss this case without prejudice.

IT IS THEREFORE ORDERED that:

1. This matter is dismissed without prejudice.

2. A separate Judgment will be entered in accordance with this Memorandum and Order.

Dated this 16th day of January, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge